CUSHMAN, appellant, v. HORTON, executor.

*Will — construction of — bequest of personal property to " heirs."*

The testator bequeathed to his sister P. the use and profits of $2,000. After her death the $2,000 was to go to the lawful " heirs " of his brother M. *Held,* that the word " heirs " meant "next of kin," and that such next of kin, M.'s grand-children, were entitled to the legacy, notwithstanding M. was still living.

APPEAL by Caroline A. Cushman and Emilissa Kellogg from the decree of the surrogate of Cayuga county, in the matter of the final accounting of David M. Horton, excutor of the last will and testament of Hiram T. Frisbie, deceased. The case was this: On the 2d of February, 1865, Hiram Frisbie, of the town of Sennett, in Cayuga county, made his last will, and by it made the following bequests, viz.:

"*Fourth.* I give and bequeath to my sister, Polly Carter, the use and profits of $2,000, to be paid to her by my executor hereinafter named.

*Fifth.* After the death of my said sister, Polly Carter, I give and bequeath said $2,000, hereinbefore devised to my said sister, Polly Carter, to the lawful heirs of my brother, Medad H. Frisbie, in equal proportions.

*Seventh.* I give and bequeath to my said wife, Charlotte H. Frisbie, all the rest, residue and remainder of my estate of every name and description, for her sole use and disposal. "

The testator died in May, 1865, and his will was duly admitted to probate, and letters testamentary were duly issued to the executor named in his said will. At some time prior to the 27th May, 1873, Polly Carter died, and on that day a final accounting was had by her executor of his account. Medad H. Frisbie, the brother of the testator, appeared before the said surrogate on such accounting, as did the guardian of Hiram F. Horton, together with Caroline A. Cushman and Emilissa Kellogg, grand-children of Medad H. Frisbie, and demanded the payment to them of the $2,000 bequeathed to the heirs of said Medad; the widow of the testator also appeared and demanded the payment to her of said $2,000, on the ground that the said legacy had lapsed, there being no one entitled to take it at the death of Polly Carter, as a living person could not have heirs.

The surrogate held and decided that the legacy had lapsed for

the reason alleged, and directed the executor to pay said sum of $2,000 to the widow, and from this decree the grand-children of said Medad appealed to this court.

*Pratt, Mitchell & Brown*, for appellant, as to the meaning of the term "heirs," cited 2 Jarman on Wills, 13–15; *Carne* v. *Roche*, 4 Moor & P. 862; *Long* v. *Beaumont*, 1 P. W. 229; *Campbell* v. *Rawdon*, 18 N. Y. 418; *Heard* v. *Horton*, 1 Denio, 168; *Vanorsdall* v. *Van Deventer*, 51 Barb. 146; *Burrill* v. *Boardman*, 43 N. Y. 254.

*H. V. Howland*, for respondents, cited *Bowers* v. *Porter*, 4 Pick. 198; *Williamson* v. *Williamson*, 18 B. Monr. 330, 371; *Olmstead* v. *Olmstead*, 4 N. Y. 58.

MULLIN, P. J. When land is devised to a person and his heirs, or to the heirs of a person named, the word "heirs" must be construed to embrace those only who are heirs, in the strict legal sense of the term, unless there is something on the face of the will to show that the word was used by the testator in a more general and enlarged sense. *Heard* v. *Horton*, 1 Denio, 165.

But when the bequest is of personal property then the word "heirs" may be construed to mean children or next of kin. 2 Redfield on Wills, 385 to 391; *Wright* v. *Trustees of Methodist Episcopal Church*, 1 Hoffman, 202, and cases collated at 212, etc.

The word "heir" was used by the testator in this case in the sense of "next of kin," and the decision of the surrogate must be revoked and the proceedings remitted, with instructions to enter an order that the executor pay to the appellants the amount of the legacy given by the will to Polly Carter, with costs to the appellants to be paid out of the estate of testator.

*Ordered accordingly.*